# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

### (Northern Division)

WAYNE A. BRADSHAW,                            *
  *on his own behalf and on behalf*
  *of all others similarly situated*          *

      Plaintiffs                     *

v.                                            *

                                *

HILCO RECEIVABLES, LLC.                        *       CASE NO. 1:10-cv-00113-RDB

      Defendant                       *

* * * * * * * * * * ********************************************************************

## PLAINTIFF'S REPLY TO DEFENDANT HILCO RECEIVABLES LLC's OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C), OR IN THE ALTERNATIVE, MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES OF THE DEFENDANT PURSUANT TO RULE 12(F)

Plaintiff files this Reply to Defendant's Opposition to Plaintiff's Motion For Partial Judgment On The Pleadings Pursuant To Rule 12(c), or In The Alternative, Motion To Strike Certain Affirmative Defenses Of the Defendant and for cause says:

Upon review of Defendant's Opposition to the motion, the following issues are not disputed. Since they are not disputed, the court should grant the relief requested by the Plaintiff.

**UNDISPUTED ISSUES:**

- The defenses Plaintiffs seek to strike are "boiler plate" defenses;

- In its Answer, the Defendant failed to provide any factual support for its boiler plate defenses;

- In its Opposition, Defendant fails to provide any factual support for its boiler plate defenses;

- Defendant admits that the defenses have no factual support when it states at page 4 of its Memorandum: "Further, Defendant raised these defenses early on so as not to be waived.  Defendant requires additional time to explore Plaintiff's allegations during discovery to determine the feasibility of each allegation in the Complaint."

- Defendant has not cited cases decided after *Twombley* and *Iqbal*  Rather, it is has solely relied upon pre-*Ashcroft* and *Twombly* cases which do not reflect the sea-change in federal pleading requirements announced by the Court;

- The majority of courts which have addressed this issue post-*Iqbal* have held that the same heightened pleading standards apply to defenses as to Complaints:

  - *Hayne v. Green Ford Sales, Inc.*, ___ F. Supp. 2d ___, No. 09-2202-JWL-GLR, 2009 WL 5171779, at *2 n.15 (D. Kan. Dec. 22, 2009) (collecting district-court cases from the Second, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits reaching this conclusion).

  - (*CTF Dev., Inc. v. Penta Hospitality, LLC,* No. C 09-02429 WHA, 2009 WL 3517617, at *7-8 (N.D.Cal. Oct.26, 2009)) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense")…

  - *FDIC v. Bristol Home Mortg. Lending, LLC,* No. 08-81536-CIV, 2009 WL 2488302, at *2-4 (S.D.Fla. Aug.13, 2009) (applying *Twombly* to affirmative defenses);

- o *Teirstein v. AGA Medical Corp.,* No. 6:08cv 14, 2009 WL 704138, at *6 (E.D.Tex. Mar.16, 2009) (affirmative defenses subject to same pleading standards as complaints and counterclaims);

- o *Greenheck Fan Corp. v. Loren Cook Co.,* No. 08-cv-335-jps, 2008 WL 4443805, at *1-2 (W.D.Wis. Sept.25, 2008) (defendant's affirmative defenses, characterized as legal theories with implied elements, failed to comply with Rule 8 and failed to provide sufficient notice of the grounds for them);

- o *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.,* No. 05-CV-0233-WWJ, 2008 WL 4391396, at *1 (W.D.Tex. Sept. 22, 2008) (applying *Twombly* pleading specificity standard to affirmative defenses)…

- o *United States v. Quadrini,* No. 2:07-CV-13227, 2007 WL 4303213, at *3-4 (E.D.Mich. Dec.06, 2007) (applying heightened pleading standard to defendants in pleading affirmative defenses)").

- o *Tracy v. NVR, Inc.,* No. 04-CV-6541L, 2009 WL 3153150, at *7 (W.D.N.Y. Sept. 30, 2009) ("Indeed, the *Twombly* plausibility standard applies with equal force to a motion to strike an affirmative defense under Rule 12(f).").

- As explained below, the *Jerman* case is distinguishable on its facts; facts which are wholly lacking in this case.

## ARGUMENT:

### I.   THE POLICIES OF *TWOMBLEY, IQBAL AND* RULE 12 SUPPORT THE PLAINTIFF:

As one court has aptly stated, "[a]pplying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Hayne,* 2009 WL 5171779, *3.

While Rule 12(f) motions may sometimes be disfavored as dilatory, they are appropriately granted where a party asserts "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380, 665 (2d ed. 1990)).  Matters are appropriately stricken if they are "not properly supported by the facts alleged in the pleading." *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 950 (W.D.N.C. 2000); *see Schecter v. Comptroller of City of N.Y.*, 79 F.3d 265, 270 (2d Cir. 1996) (striking affirmative defense and noting that "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy"). Similarly, the Court should strike a defense "that is clearly insufficient as a matter of law." *Hanzlik v. Birach*, No. 1:09cv221 (JCC), 2009 WL 2147845, at *3 (E.D. Va. July 14, 2009) (citing *Microsoft*, 123 F. Supp. 2d at 949); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)).

Since Federal Rule of Civil Procedure 8(c) governs the pleading of affirmative defenses, plaintiffs are entitled to fair notice of each defense and the grounds supporting it. *Grunley Walsh U.S., LLC v. Raap*, No. 1:08-cv-446, 2009 WL 1298244, at *4 (E.D. Va. May 6, 2009) (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1274 (3d

ed. 2004)).  With that requirement in mind, courts evaluate a Rule 12(f) motion to strike against

the same standard as a Rule 12(b)(6) motion to dismiss.  *Solvent Chem. Co. ICC Indus., Inc. v.*

*E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) ("The standard for

striking an affirmative defense is the mirror image of the standard for considering whether to

dismiss for failure to state a claim.").

## II. THE HOLDINGS OF *TWOMBLEY* AND *IQBAL* APPLY TO AFFIRMATIVE DEFENSES:

After the Supreme Court altered the landscape for 12(b)(6) requirements in *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937

(2009), the majority of courts to address the issue have concluded that the heightened pleading

standards for claims for relief crafted in *Twombly* and *Iqbal* apply just as strictly to affirmative

defenses.  *See Hayne v. Green Ford Sales, Inc.*, ___ F. Supp. 2d ___, No. 09-2202-JWL-GLR,

2009 WL 5171779, at *2 n.15 (D. Kan. Dec. 22, 2009) (collecting district-court cases from the

Second, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits reaching this conclusion).  To

survive a Rule 12(f) motion, then, an affirmative defense cannot simply be conclusory and

devoid of facts; rather, it must set forth a factual basis, and cannot merely suggest that the

defense may possibly bear upon the case.  *Id.* at *3; *see Tracy v. NVR, Inc.*, No. 04-CV-6541L,

2009 WL 3153150, at *7 (W.D.N.Y. Sept. 30, 2009) ("Indeed, the *Twombly* plausibility standard

applies with equal force to a motion to strike an affirmative defense under Rule 12(f).").  Here,

the vast majority of LexisNexis's affirmative defenses fall well below this bar.

While a minority of cases have concluded that *Twombly* and *Iqbal* do not apply to

affirmative defenses, the *Hayne* court succinctly addresses this point in adopting the prevailing

view:

> It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case. Moreover, FED. R. CIV. P. 8 is consistent in at least inferring that the pleading requirements for affirmative defenses are essentially the same as for claims for relief. . . . Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply.

*Id.* at *3.

In this post-*Iqbal* world, the days of defendants simply trotting out the same affirmative defenses, case after case without any factual backing whatsoever, appear to be over.

## II.     THE FDCPA ALLOWS ONLY THOSE DEFENSES SET FORTH IN THE STATUTE:

In this case, some of the defenses raised relate to the claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Since this is a federal statutory cause of action, the defenses are limited to those set out in the statute itself. *Howlett v. Rose*, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law."); *see also Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232 (4th Cir. 2007) ("To insist that some unarticulated, common law immunity survived the creation of the FDCPA would be to fail to give effect to the scope of the immunity articulated in the text"). The FDCPA is a strict liability statute. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2nd Cir. 1996).

An affirmative defense is the "'defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'" *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003). In an FDCPA case, there are only three defenses under §1692k(c)-(e):

- statute of limitations,

- reliance on an FTC advisory opinion, and

- bona fide error.

The Court may strike from defendant's answer "any insufficient defense," Fed. R. Civ. P. 12(f), so as to streamline the ultimate resolution of the case and avoid the waste of time and money involve in litigating spurious issues, by eliminating those issues early on. *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989).

## IV.  DEFENDANT HAS NOT STATED A BONA FIDE ERROR DEFENSE

Defendant states at paragraph 51:

> 51. Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error…

While the Defendant has accurately parroted the language of §1692k(c), it has not offered any facts to support this legal theory.  Rather, it merely asserts that it is entitled to this defense and cites the pending case of *Jerman v. Carlisle*, 538 F.3d 469 (6th Cir. 2008) which is presently before the Supreme Court.  *See* Opp. to Mot. at page 4.  Hilco's answer does not reference 15 U.S.C.§ 1692k(c) whatsoever.  But even if Hilco did reference the statutory provision as part of its affirmative answer in ¶ 51, the defense still provides no "factual basis" to support the defense. In stark contrast, the court in *Jerman*, the lower court allowed the defense because the defendant demonstrated facts supporting the defense (i.e. the defendant regularly attended FDCPA conferences, subscribed to fair collection publications about changes in the law, the defendant provided mandatory, regular training of fair collection practice law to its employees, and the

defendant had published an internal FDCPA procedures manual to all of its employees).  *Jerman,* 538 F.3d at 477.

   In contrast to *Jerman,* the Defendant in this case proffers no facts to support its defense, either in its Answer or in its Opposition.

   If the bona fide error defense is to have any meaning in the context of  a strict liability statute, then a showing of  "procedures reasonably adapted to avoid any such error" must require more than a mere conclusory assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. Only then is the mistake entitled to be treated as one made in good faith.

   The defense should be stricken because it does not contain a short and plain statement of any facts supporting the defense, as required by Fed. R. Civ. P. Rule  8.  Even before *Iqbal,* this result was reached in <u>*Konewko vs. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*</u>, 2008 U.S. Dist LEXIS 40685 (N.D. Ill. May 4, 2008) (bona fide error defense stricken for lack of particularity). <u>See also</u> *Schechter* <u>*v. Comptroller of City of New York,*</u> above; <u>*Heller Financial, Inc. v. Midwhey Powder Co., Inc.*</u>, 883 F.2d 1286, 1294 (7th Cir. 1989) (affirmative defenses stricken for barebone and conclusory allegations).  Specifically as stated in *Schechter,*

   Affirmative 'defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy.' *National Acceptance Co. of Am. v. Regal Prods., Inc.,* 155 F.R.D. 631, 634 (E.D. Wis. 1994).

<u>*Schechter*</u>, 79 F.3d at 270.

   The conclusory assertion of bona fide error, devoid of any facts, does not comply with the particularity requirement of Fed. R. Civ. P. 9(b), which mandates that "In all averments of . .

. mistake, the circumstances constituting . . . mistake shall be stated with particularity." Defendants have not described how any mistake (error) occurred.  The Rule requires particularity, not bald conclusory assertions.

"Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir. 1997); Konewko vs. Dickler, Kahn, Sloikowsi & Zavell, Ltd., 2008 U.S. Dist LEXIS 40685 (N.D. Ill. May 4, 2008) (bona fide error defense stricken for lack of particularity).

Pursuant to *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 129 S. Ct. 1937, 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

## V.   GOOD FAITH HAS NOT BEEN SET FORTH WITH SUFFICIENT FACTS:

Hilco's affirmative defense in ¶ 53 of its Answer, states "At all times Defendant acted in good faith."   However, in its opposition to the pending motion, Hilco narrows its defense as follows, "Plainly, Defendant's Affirmative (sic) Defenses relate to Plaintiffs' *claim for damages*."  *See* Opp. to Mot. at page 5 (emphasis added).  Again however, Hilco offers the Court and the Plaintiff no factual basis whatsoever for its moving target affirmative defense of "good faith" and as such Hilco is not entitled to the defense as a matter of law pursuant to *Ashcroft* and *Twombly*.  Rule 12(c).

## VI.   LACK OF STANDING HAS NOT BEEN SUPPORTED BY ANY FACTS:

Hilco's assertion at ¶ 57 of its Answer that the "Plaintiff lacks standing" is plainly deficient under *Ashcroft* and *Twombly*.  Hilco attempts to explain in its Opposition that it's defense is based upon the theory that the Plaintiff may not pursue his claims of various

broad, remedial consumer protection statutes based upon a violation of Md. Code Ann., Bus. Reg. § 7-301(a).  *See* Opp. to Mot. at page 5.  The relief sought by the claims and the relief sought is not pursuant to Md. Code Ann., Bus. Reg. § 7-301(a).  Rather, the relief sought is based on the fact that Hilco conducted thousands of collection efforts in Maryland without the mandatory, required license and those actions, including the attempt against the Plaintiff were unfair, deceptive, and otherwise illegal under federal and state law [1]  Since Hilco does not dispute that Mr. Bradshaw has standing to assert his actual claims, it cannot state  a defense of standing.  Rule 12(c).

## VII.   DEFENDANT OFFERS NO FACTS TO SUPPORT A THEORY OF "UNCONSITUTIONALITY"

Hilco concedes that it had no factual basis to raise the defense of unconstitutionality in ¶ 61 of its Answer and announces that it withdraws the defense "without prejudice."  *See* Opp. to Mot. at page 5.  However, since it is beyond doubt that Hilco cannot prove an affirmative defense of unconstitutionality, Mr. Bradshaw is entitled to the entry judgment that the defense is not available to Hilco as a matter of law.  *Housing Authority Risk Retention Group, Inc. v.*

---

[1] One court aptly summarized similar insufficient defenses as follows, "the Court nevertheless makes the following observations about the answer of the Defendant: Defense No. 2 asserts 'the applicable statute of limitations,' without referring to any dates or time period. Defense 3 asserts comparative negligence of 'others,' without any identification of who they may be, either by name or by some description. Defense 4 refers to a failure to mitigate damages, without any suggestion of what plaintiff failed to do. Defense 5 pleads assumption of risk, without any statement as to what plaintiff did to assume the risk. If the intent is simply to assert negligence of the plaintiff, the defense simply repeats the allegation of comparative negligence and would appear to be redundant. Defense 6 pleads an intervening cause with no description of what it is. Defense 7 pleads waiver with no recitation as to what plaintiff signed or otherwise did to create a deliberate relinquishment of his claim. Defense 8 alleges that plaintiff misused 'the products,' without any statement of what constituted such misuse. Defense 9 pleads estoppel, without any statement of the conduct of Plaintiff upon which Defendant somehow relied to its detriment." *Hayne,* 2009 WL 5171779, *3.

*Chicago Housing Authority,* 378 F.3d 596 (7th Cir.2004) (quoting *All Am. Ins. Co. v. Broeren Russo Const., Inc.,* 112 F.Supp.2d 723, 728 (C.D.Ill.2000) (citation omitted) ("Where [a party] moves for judgment on the pleadings, 'the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position'").

## VIII.   DEFENDANT OFFERS NO LEGAL OR FACUTAL SUPPORT FOR ITS THEORY OF "IMPLICIT CONSENT"

Hilco's affirmative defense that "[t]he State of Maryland has provided implicit consent to Defendant" in ¶.62 of its Answer and its opposition to the motion still provides the Plaintiff and the Court with no factual basis to support the defense.   Therefore pursuant to *Ashcroft* and *Twombly* the defense is insufficient and Mr. Bradshaw is entitled to judgment that Hilco is not entitled to raise the *"consent"* defense averred in ¶.62 of its Answer.   Rule 12(c).

While it may be permissible for parties to amend their deficient pleadings under Rule 12, where a party opposing the motion makes no such request and can provide no reasonable basis to support its claims, Plaintiff respectfully requests the Court not permit Hilco to amend its pleasing to correct its deficiencies.

## IX.   CONCLUSION:

The Defendant attempts to mire the Plaintiff in a pleading morass by asserting affirmative defenses that have not factual support.   Because they are not exempt from having to meet notice pleading standards in asserting affirmative defenses, and because Defendant has failed to meet the standards, the court should not permit the defenses to stand.

WHEREFORE, for the reasons stated in his Motion For Partial Judgment On The Pleadings Pursuant To Rule 12(c), Or In The Alternative, Motion To Strike Certain Affirmative Defenses Of The Defendant as well as the foregoing reasons, Mr. Bradshaw requests this Court to grant the Plaintiff's motion for partial judgment on the pleadings, or in the alternative motion to strike

11

certain of the Defendants' defendants defenses listed in ¶¶ 51, 53, 57, and 61-62 of Defendant

Hilco's Answer.

Respectfully Submitted,

_____/s/_____
SCOTT C. BORISON
JANET LEGG
PHILLIP ROBINSON, Of Counsel
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016

PETER A. HOLLAND
The Holland Law Firm, P.C.
1410 Forest Drive, Ste. 21
Annapolis, MD 21403
(410) 280-6133

DOUGLAS B. BOWMAN
P.O. Box 503
Middletown, MD 21769
(240) 566-6050
*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing and supporting memorandum and exhibits was served on Counsel for the Defendant by ECF when it was filed.

_____/s/_____
Scott Borison