## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE A. BRADSHAW, | ) | CASE NO.: 1:10-cv-00113 |
| | ) | |
| Plaintiff, | ) | JUDGE RICHARD D. BENNETT |
| | ) | |
| v. | ) | |
| | ) | **HILCO RECEIVABLES, LLC'S CROSS** |
| HILCO RECEIVABLES, LLC, | ) | **MOTION FOR SUMMARY JUDGMENT** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Now comes Defendant Hilco Receivables, LLC, ("HILCO"), by and through counsel, and hereby files its Cross Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and Local Rule 105(2)(c). A Memorandum in support is attached hereto.

Respectfully submitted,

/s/James M. Connolly
James M. Connolly
Kramer & Connolly
500 Redland Court, Suite 211
Tel. (410) 581-0070
Fax. (410) 581-1524
jmc@kramerslaw.com
*Trial Attorney for Defendant*

**MEMORANDUM**

## I.     INTRODUCTION

Plaintiff has filed a class action against Hilco Receivables, LLC ("HILCO") alleging violations of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Ann. Code, Commercial Law Article, § 14-201 *et seq.*, the Maryland Consumer Protection Act ("MCPA"), Commercial Law Code Ann. § 13-301, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* for engaging in collection activities in the State of Maryland without the required collection agency license.  Plaintiff requests money damages and equitable relief in the form of a declaratory judgment and a preliminary and permanent injunction.  On May 26, 2010, Plaintiff filed a Motion for Partial Summary Judgment as to Liability Only Pursuant to Counts II, III & IV of the Complaint.  HILCO files this Cross Motion in Support of its Motion for Summary Judgment and in opposition to Plaintiff's Motion.

As discussed below, Plaintiff's claims fail as a matter of law.  Accordingly, HILCO is entitled to summary judgment.

## II.    FACTUAL BACKGROUND

HILCO purchased Bradshaw's delinquent account on February 28, 2008.  *See* Affidavit of Michael H. Walsh ¶ 4 (attached as Exhibit A).   HILCO engages in the purchase, servicing and selling of commercial and consumer accounts receivable.  *Id. at* ¶ 5.  HILCO does not actively collect on the accounts it owns but instead retains licensed third party collection agencies to collect on HILCO owned accounts.  *Id.* HILCO is a passive debt buyer that does not need to be licensed in the State of Maryland for the sole purpose of bringing suit in state court. *Id.*  HILCO assigned the account for collection to three different collection agencies; American Coradius, Apex Financial Management, LLC and OSI.  *Id.* at ¶ 6.    All three collection agencies

2

are licensed in the State of Maryland. *Id.* Each licensed collection agency attempted to contact Bradshaw via mail and telephone to collect on the delinquent account. *Id.* at ¶ 7.   The three agencies were unsuccessful in collecting the delinquent account. *Id.* HILCO sent no collection letters and placed no collection calls to Bradshaw. *Id.* at ¶ 8.

On June 22, 2009, licensed attorneys for HILCO filed an action against Bradshaw in the District Court of Maryland, Frederick County. *Id.* at ¶ 8; *see also* Complaint, ¶ 7. Plaintiff filed the instant suit against HILCO for failure to obtain the required collection agency license.

## IV.   LAW AND ANALYSIS

### A.   Standard of Review

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (*quoting* Fed. R. Civ. P. 56(e)); *Catawba Indian Tribe of South Carolina v. State of S.C.*, 978 F.2d 1334, 1339 (4th Cir.1992), cert. denied. 507 U.S. 972, 113 S.Ct. 1415, 122 L.Ed.2d 785 (1993).

3

**B.**    **HILCO was not required to be licensed as a collection agency under MCALA**

1. HILCO was not doing business as a collection agency in Maryland

The Maryland Collection Agency Licensing Act, ("MCALA"), Md. Ann. Code, Bus. Reg. Article, § 7-101, *et. seq.*, requires that a person must have a license whenever the person does business as a collection agency in the State. *See* Md. Code Ann., Bus. Reg. § 7-301(a). A "collection agency" is defined as a person who engages directly or indirectly in the business of:

- (1)(i) collecting for, or soliciting from another, a consumer claim; or
  - (ii) collecting a consumer claim the person owns, if the claim was in default when the person acquired it;

- (2) collecting a consumer claim the person owns, using a name or other artifice that indicates that another party is attempting to collect the consumer claim;

- (3) giving, selling, attempting to give or sell to another, or using, for collection of a consumer claim, a series or system of forms or letters that indicates directly or indirectly that a person other than the owner is asserting the consumer claim; or

- (4) employing the services of an individual or business to solicit or sell a collection system to be used for collection of a consumer claim.

*See* Md. Code Ann., Bus. Reg. § 7-101(c).

While HILCO agrees that it acquired Plaintiff's delinquent account while in default, HILCO contends it wasn't "engaging directly or indirectly in the business of collecting." **Maryland's Limited Liability Company Act specifically states in pertinent part:**

> **In addition to any other activities which may not constitute doing business in this State, for the purposes of this title, the following activities of a foreign limited liability company do not constitute doing business in this State:**
>
> **(1) Maintaining, defending, or settling an action, suit, claim, dispute, or administrative or arbitration proceeding;**

*See* **Md. Code Ann., Corp. & Assoc. § 4A-1009.**

4

2. Changes to the MCALA

The Maryland licensing requirements have caused confusion over the past several years. In 2007, the Senate Finance Committee amended the MCALA in House Bill 1324 to alter the definition of "collection agency" to include persons who collect consumer claims acquired when the claims were in default. *See* Md. Code Ann., Bus. Reg. § 7-101(c).

The Maryland Collection Agency Licensing Board subsequently issued an Advisory Opinion on the applicability of the licensing requirement to debt buyers.[1]   That Advisory Opinion stated as follows:

> As of October 1, 2007, the licensing requirement will also apply to "debt acquirers"- that is persons who engage in the business of purchasing <u>and</u> collecting delinquent debts.   The new expanded requirement applies to persons who are <u>directly collecting</u> claims that they own, but only if they were in default when the owner acquired the claims.   The full text of Chapter 472 can be viewed at http://mlis.state.md.us/2007rs/billfile/hb1324".

*See* Advisory Notice, 07-06 (emphasis added), attached hereto as Exhibit B.

The Department of Licensing has also taken the position that "passive debt buyers" do not need licenses. *See* June 20, 2007 Letter from the State of Maryland Department of Labor, Licensing and Regulation ("Letter"), attached hereto as Exhibit C.   The Letter states in pertinent part:

> This communication will respond to your request for confirmation from the Commissioner that since it is common practice for the "passive debt buyer" to retain a licensed debt collector to directly engage in the collection of its purchased debts, it is the position of the Commissioner that a debt buyer who purchases debt in default, but is not directly engaged in the collection of these purchased debts, is not required to obtain a collection agency license provided that all collection activity performed on behalf of such debt buyer is done by a properly licensed collection agency in the State of Maryland.

---

[1] www.dllr.state.md.us/finance/advisories/advisory07-06.shtml

*Id.*

In contrast to Plaintiff's argument in his Motion, the Advisory Notice and the Letter are in agreement. Nothing in the Advisory Notice would indicate that one couldn't rely upon the Letter. The Advisory Notice indicates that the revised licensing requirement applies to "persons who are **directly** collecting claims." The Letter indicates that the requirement does not apply to "debt buyers **not directly** engaged in the collection of these purchased debts." Rather than removing reasonable reliance on the Letter, the Advisory Notice seconds the Letter. HILCO, and other entities, have reasonably relied on the Letter. As the agency charged with enforcement of the licensing statute, the Department of Labor, Licensing and Regulation's interpretation of the amendment is persuasive authority. *See Claggett v. Maryland Agricultural Land Preservation Foundation*, 182 Md. App. 346, 378 (2008).

The DLLR press release in September 2009 also failed to provide notice to HILCO that passive debt buyers must be licensed in the State of Maryland. The press release identified a group of business entities alleged to have "engaged in large-scale unlicensed and illegal collection activities" by sending letters, making collection calls and filing court actions. *See* DLLR Press Release, attached hereto as Exhibit D. Unlike the entities indentified in the press release, HILCO did not engage in direct collection activities via mail or telephone.

In addition to reliance on the opinions set forth above, HILCO contacted the State of Maryland and was instructed via telephone that HILCO was not required to obtain a license. On or about February 5, 2009, Walsh directed a letter to Ms. Priscilla Wynn at the Office of the Commissioner of Financial Regulation in Baltimore, Maryland in response to a complaint made by a Mr. Dennis Nemetz ("Nemetz"). *See* Exhibit A, Walsh Affidavit, ¶ 10. Nemetz alleged, *inter alia,* that Hilco was operating in violation of Maryland law because it was not a licensed collection agency. *Id.*

6

In his letter of February 5, 2009, a copy of which is attached hereto, Walsh noted that Hilco had referred Nemetz's account to three (3) different collection agencies, all of which were licensed as collection agencies in Maryland. *Id.* at ¶ 10. He also noted that, like in the case *sub judice,* Hilco had not sent any letters to Nemetz, nor had it made any calls to Nemetz. *Id.* As a consequence of those facts, Walsh maintained that Hilco did not need to possess a collection agency license in Maryland. *Id.* at ¶ 12.

Several days later, Ms. Wynn contacted Walsh to discuss the Nemetz matter. *Id.* at ¶ 13. She reviewed the statements that Walsh made in the letter and confirmed their accuracy not only as to the Nemetz matter but also as to the manner in which Hilco operated with respect to Maryland consumers. *Id.* Based on the facts that Walsh relayed in my February 5, 2009 letter, Ms. Wynn informed Walsh that Hilco did not need a collection agency license under those circumstances. *Id.* As Walsh notes in his affidavit, the state of Maryland took no action against Hilco in response to the complaint made by Nemetz. *Id.* at ¶ 14.

The Maryland State Collection Agency Licensing Board ("Board") has acknowledged confusion surrounding the licensure issue. On May 10, 2010, the Board issued an Advisory Notice to address the licensing requirements relating to persons who acquire debt which is in default at the time of acquisition and collect the debt through civil litigation.[2] *See* Advisory Notice, 05-10, attached hereto as Exhibit E. The Board clarified that a purchaser of a defaulted debt that collects the debt through civil litigation is a "collection agency" under Maryland law and is required to be licensed, regardless of whether the attorney representing the purchaser is licensed as a collection agency. The Board acknowledged that confusion regarding this issue resulted from the June 20, 2007 letter. To facilitate the prompt licensing of collection agencies that previously relied on the June 20, 2007, the Board implemented the following policy:

---

[2] http://www.dllr.state.md.us/finance/advisories/advisory5-10.shtml

1. The Board will not deem it a bar to licensure where, prior to September 1, 2010, an unlicensed Consumer Debt Purchaser has engaged in civil litigation to collect a consumer claim purchased while in default, provided (i) the Consumer Debt Purchaser was represented in any action by an attorney who is duly licensed as a Maryland collection agency, and (ii) the Consumer Debt Purchaser applies for a license on or before August 31, 2010.

2. The Board will not bring an action against a Consumer Debt Purchaser solely for failing to be licensed while engaging as a plaintiff in civil litigation, provided the Consumer Debt Purchaser applies for a license on or before August 31, 2010. For a Consumer Debt Purchaser that applies for a collection agency license on or before August 31, 2010, this policy will be in effect until such time as the Board makes a decision on the license application or it is withdrawn by the applicant.

3. The Board reserves its right to bring an action against a Consumer Debt Purchaser for other violations of law committed in connection with collection activities, regardless of whether the person was licensed at the time of the violation.

    PENALTIES: Consumer Debt Purchasers that fail to become licensed as set forth above may be subject to prosecution and sanctions under BR § 7-401.

The Board has stated that it will not bring an action for failure to obtain a collection agency license, provided that the entities apply for a license prior to August 31, 2010. HILCO applied for a license with the State of Maryland in Winter, 2010.[3] On May 20, 2010, the State of Maryland issued a collection agency license to HILCO. As a result, HILCO is now a licensed collection agency in the State of Maryland. For the reasons set forth *supra*, Plaintiff should be precluded from bringing an action against HILCO solely on the basis of lack of licensure.

---

[3] Plaintiff filed the instant suit against Hilco Receivables, LLC on or about September 17, 2009. Hilco Receivables, LLC merged into Equable Ascent Financial, LLC on December 31, 2010. To avoid confusion, Defendant has continued to use the name HILCO in this action. However, the application for state licensure was done under Equable Ascent Financial, LLC, not HILCO.

### C.   Bradshaw cannot prove that HILCO violated the MDCPA.

The Maryland Consumer Debt Collection Act ("MCDCA"), codified at Md.Code Ann., Com. Law II §§ 14-201-14-204, "protects consumers against certain threatening and underhanded methods used by debt collectors in attempting to recover on delinquent accounts." *See Mateti v. Activus Financial, LLC*, 2009 WL 2507423 at *12 (D.Md.,2009) citing *Spencer v. Hendersen-Webb., Inc.*, 81 F.Supp.2d 582, 594 (D.Md.1999).   HILCO did not engage in threatening or underhanded methods in the present case.

Plaintiff alleges that HILCO violated the MDCPA by filing lawsuits in Maryland when the debt was not legally enforceable.  Plaintiff is wrong.  The debt was legally enforceable and HILCO did not need to be licensed.  In order to show that HILCO violated the MDCPA, Plaintiff must show that HILCO is a collector as defined by the MDCPA, and that HILCO engaged in activities proscribed by the MDCPA.

Pursuant to §14-201(b), a "collector" means a person collecting or attempting to collect an alleged debt arising out of a consumer transaction. *See* Md. Ann. Code, Com. §14-201(b).  A collector is prohibited from making any "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." *See* Md. Code Ann. Com. Law § 14-202(8).  Plaintiff alleges that the debt was not legally enforceable because HILCO did not have a Maryland Collection license at the time it filed suit against Plaintiff in the Frederick County District Court.

Plaintiff accused HILCO of attempting to collect a debt through litigation against Plaintiff while ignoring the mandatory condition precedent.  This is false.  As discussed supra, HILCO did not ignore Maryland laws, but instead sought out clarification of the collection laws. To prove liability under § 14-202(8), Plaintiff must prove some knowledge component with regard to Defendants' actions. *See Matei v. Activus Financial, LLC*, 2009 WL 2507423 at * 12

(D.Md.,2009) citing *Akalwadi v. Risk Mmgt. Alternatives, Inc.*, 336 F.Supp.2d 492, 511 (D.Md.2004); *Spencer v. Hendersen-Webb., Inc.*, 81 F.Supp.2d 582, 595 (D.Md.1999).

In *Spencer*, the Court held that the term "knowledge" in the Act does not immunize debt collectors from liability for mistakes of law. *Id.* at 594. The Court further held that with regard to mistakes of fact, knowledge can either mean actual knowledge or that the defendant acted with reckless disregard. *Id.* at 595. HILCO contends that the lack of state licensure was based upon a mistake of fact, not a mistake of law. Further, HILCO did not act with actual knowledge or reckless disregard that HILCO should have been licensed in the State of Maryland.

As discussed supra, HILCO is a passive debt buyer that did not need to be licensed in the State of Maryland for the sole purpose of bringing suit in state court. HILCO was not doing business as a collection agency in Maryland. HILCO purchased the defaulted account in February 2008. HILCO sent no collection letters and placed no collection calls to Bradshaw. HILCO referred the account to three different collection agencies licensed in the State of Maryland. The three agencies were unsuccessful in collecting the delinquent account. As a result, licensed attorneys for HILCO filed suit against Bradshaw in the Frederick County District Court. HILCO did not engage in any collection activities. HILCO is a passive debt buyer that did not need to be licensed in the State of Maryland for the sole purpose of bringing suit in state court. *See Kuhne v. Cohen & Slamowitz, LLP*, 2008 WL 608607 (S.D.N.Y.,2008).

The *Kuhne* Court had to determine whether filing a lawsuit, with nothing more, required a debt collection license. *Id.* at *3. The *Kuhne* Court reviewed an interpretive letter by the DCA explaining that "the licensing statute's purpose is to 'curb abusive practices of debt collection agencies by requiring a licensing of those entities *dealing directly with the consumer public in the collection of debts,*' and observes that 'activities traditionally associated with debt collection'

include 'sending demand letters (dunning notices) or making collection telephone calls to consumers.'... An entity is regulated as a "debt collection agency" when it deals directly with the consumer public. *Id.* at *4. "NCC-2 was insulated from the license requirement not only by its legal counsel, C & S, which was licensed, but also by its sister subsidiary, MCM, which was licensed and performed all debt collection activity, as defined in the Administrative Code and the supporting legislative reasoning, including the retention of C & S to bring a debt collection lawsuit in NCC-2's name." *Id.* at *5. "To require NCC-2 to be licensed, when it had no direct contact with the consumer, would run afoul of the purpose of the New York City licensing statute and the FDCPA, which are aimed at preventing abusive collection practices. NCC-2 did not engage in any collection activities and was thus not required to be licensed."

The facts in the present case are similar. HILCO did not engage in collection activities in Maryland. HILCO did not telephone consumers or send collection letters. As a result, HILCO was not doing business in the State of Maryland and was not required to have a debt collection agency license to file suit against Bradshaw. Accordingly, HILCO is entitled to summary judgment.

**D.    <u>Bradshaw cannot prove that HILCO violated the MCPA.</u>**

Plaintiff alleges that HILCO violated the Maryland Consumer Protection Act ("MCPA") by not obtaining a Maryland collection agency license. The MCPA prohibits a person from engaging in any unfair or deceptive trade practice in the collection of consumer debts. *See* Md. Code Ann. Com. Law § 13-303(4). Unfair or deceptive trade practices include any:

> (1)    False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers;

11

(3)     Failure to state a material fact if the failure deceives or tends to deceive;

(14)    Unfair or deceptive trade practices may include any violation of a provision of Maryland Consumer Debt Collection Act.

*See* Md. Code Ann. Com. Law §§ 13-301(1), (3), and (14)(iii).

As outlined *supra*, HILCO did not violate the MCDPA. Further, HILCO did not engage in any unfair or deceptive trade practice related to Plaintiff's account. HILCO did not make any false representation to Plaintiff. HILCO was not required to be licensed as a collection agency in the State of Maryland. All collection activities were performed by entities licensed as collection agencies in the State of Maryland. Accordingly, HILCO is entitled to summary judgment.

### D.      **Bradshaw cannot prove that HILCO violated the FDCPA.**

Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, ___ S.Ct. ___, 2010 WL 1558977 (2010) citing 15 U.S.C. § 1692(e). No abusive debt collection practices took place in the present case.

1. Lack of state collection license is not a violation of the FDCPA.

Failure to obtain a collection agency license does not constitute a per se violation. *See Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1099-1101 (9th Cir.1996); *Taylor v. Quall*, 471 F.Supp.2d 1053 (C.D.Cal.,2007). There has been a shift in the analysis of whether failure to obtain a state collection license is a per se violation of the FDCPA. *See Ferguson v. Credit Control Management, Inc.*, 140 F.Supp.2d 1293 (M.D.Fla.,2001). Originally, courts held that lack of state licensure constituted a violation of the FDCPA. *See Gaetano v. Payco of Wisconsin, Inc.*, 774 F.Supp. 1404, 1414-15 (D.Conn.1990); *Sibley v. Firstcollect, Inc.*, 913

F.Supp. 469, 471-72 (M.D.La.1995); *Kuhn v. Account Control Tech., Inc.,* 865 F.Supp. 1443, 1451-52 (D.Nev.1994). Subsequent decisions revisited the issue and determined that failure to obtain a collection agency license did not constitute a per se violation. *See Wade v. Regional Credit Ass'n,* 87 F.3d 1098, 1099-1101 (9th Cir.1996); *Taylor v. Quall,* 471 F.Supp.2d 1053 (C.D.Cal.,2007).

The *Ferguson* court found the rationale in the *Wade* decision persuasive. *Id.* at 1302. In *Wade,* the Ninth Circuit held that a debt collector's attempts to collect a debt without obtaining the required state license were not per se violations of the FDCPA. *Id.* at 1301 citing *Wade,* 87 F.3d at 1100-01.

The *Ferguson* court found that defendant did not violate § 1692e(5) by failing to register with the Florida Department of Banking before sending the collection letter because defendant did not misrepresent its position, did not hold itself out as a licensed debt collector in Florida, and did not threaten to take legal action if plaintiff did not respond to the notice. *Id.* "Consequently, defendant's letter informing plaintiff that his debt had been referred to a collection agency, even though defendant was not registered with the Florida Department of Banking, was not a violation of § 1692e(5)." *Id.*

The *Taylor* court also relied on the *Wade* decision when considering alleged violations of the FDCPA for initiating an action without complying with California law requiring an entity with a fictitious business name to register that name with the state. *See Taylor v. Quall,* 471 F.Supp.2d 1053 (C.D.Cal.,2007).

> "Even assuming that Defendants did fail to comply with this requirement, a debt collection practice that violates state law is not a per se violation of the FDCPA. *Wade v. Reg'l Credit Ass'n,* 87 F.3d 1098, 1100 (9th Cir.1996). Instead, the Court must determine whether any alleged state-law violation also constitutes a violation of one of the enumerated sections

of the FDCPA. *See id.* at 1100-01; *Khosroabadi v. North Shore Agency,*
439 F.Supp.2d 1118, 1123-25 (S.D.Cal.2006)."

*Id.*

In the present case, HILCO is a debt buyer who purchased Plaintiff's defaulted account.
HILCO filed suit against Plaintiff in the Maryland District Court, Frederick County to collect the
debt. HILCO didn't engage in any collection activities. Even if the Court were to determine that
HILCO violated Maryland law by not obtaining a collection license, any failure to obtain said
license is not a violation of the FDCPA. Plaintiff's Complaint rests solely on its allegations that
Defendant failed to obtain a collection agency license. Plaintiff fails to allege any facts to
support a violation of the FDCPA. The filing of a state court action alone does not constitute a
violation of the FDCPA. Accordingly, HILCO is entitled to summary judgment.

2. HILCO did not violate 15 U.S.C. § 1692e(5) by acting as a debt collector without
a Maryland license.

Plaintiff cannot prevail on his claim that HILCO violated 15 U.S.C. §1692e(5) by filing
an action in state court without a Maryland debt collection license.   15 U.S.C. §1692e(5)
provides as follows:

A debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any debt.
Without limiting the general application of the foregoing, the following
conduct is a violation of this section:

(5) The threat to take any action that cannot legally be taken or that is not
intended to be taken.

HILCO did not threaten to take action against Plaintiff. The licensed lawyers at Bierer &
Margolis, P.A. filed suit in Maryland District Court, Frederick County. Accordingly, HILCO is
entitled to summary judgment.

### 3. HILCO did not violate 15 U.S.C. § 1692e(11).

Plaintiff cannot prevail on his claim that HILCO violated 15 U.S.C. §1692e(11) by sending materials to consumers without the required notice. 15 U.S.C. §1692e(11) provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Congress amended § 1692e(11), which prohibits communications that fail to disclose that they are from a debt collector, to state that the provision "shall not apply to a formal pleading made in connection with a legal action." *See Sayyed v. Wolpoff and Abramson*, 485 F.3d 266 (4th Cir.,2007) citing 15 U.S.C. § 1692e(11), as amended Pub.L. 104-208, § 2305(A), 110 Stat. 3009, 3009-425 (1996).

HILCO did not communicate with Plaintiff in the State of Maryland. The licensed lawyers at Bierer & Margolis, P.A. filed suit against Bradshaw in the Frederick County District Court. The formal pleadings in the Frederick County District Court do not fall under the purview of the FDCPA. Accordingly, Plaintiff's claim under § 1692(e) must fail, and HILCO is entitled to summary judgment.

### 4. HILCO did not violate 15 U.S.C. § 1692(g).

Plaintiff cannot prevail on his claim that HILCO violated 15 U.S.C. §1692g(a) by failing
to provide the mandatory notice of consumer rights contained under § 1692g(a).   15 U.S.C.
§1692g(a) provides as follows:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in
> connection with the collection of any debt, a debt collector shall, unless
> the following information is contained in the initial communication or the
> consumer has paid the debt, send the consumer a written notice
> containing-
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of
> the notice, disputes the validity of the debt, or any portion thereof, the debt
> will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing
> within the thirty-day period that the debt, or any portion thereof, is
> disputed, the debt collector will obtain verification of the debt or a copy of
> a judgment against the consumer and a copy of such verification or
> judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-
> day period, the debt collector will provide the consumer with the name
> and address of the original creditor, if different from the current creditor.

However, §1692g(d) provides that "a communication in the form of a formal pleading in
a civil action shall not be treated as an initial communication for purposes of subsection (a) of
this section." *See* 15 U.S.C. §1692g(d).

In the present case, HILCO never communicated with Plaintiff.  Three separate collection
agencies attempted to contact Bradshaw via telephone and/or mail to collect on the delinquent
account.  When those collection attempts were unsuccessful, the lawyers at Bierer & Margolis,
P.A. brought suit against Bradshaw in Frederick County District Court.  The service of the

16

Bradshaw summons and complaint was not an initial communication. Accordingly, Bradshaw has failed to state a claim and HILCO is entitled to summary judgment.

### E.    Bradshaw is not entitled to declaratory judgment or injunctive relief.

Bradshaw seeks declaratory judgment and injunctive relief based upon HILCO's alleged collection activities without a state license. Courts have uniformly held, however, that the FDCPA does not authorize equitable or injunctive relief. *See Nott v. Bunson*, 2009 WL 3271285 at *2 (D.Md.,2009) citing *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977 n. 39 (collecting cases). "While Plaintiff might be entitled to some monetary relief if she can prove a violation of the FDCPA by some or all of the Defendants, she cannot obtain a TRO or injunction pursuant to that statute." *Id.* Similarly, the MDCPA and the MCPA do not authorize equitable or injunctive relief. *See* Md. Code Ann., Com. Law §§ 13-408 and 14-203. Accordingly, Bradshaw has failed to state a claim and HILCO is entitled to summary judgment.

### V.    CONCLUSION

As explained above, Plaintiff's claims must fail. Plaintiff cannot point to evidence to create a genuine issue of material fact, and HILCO is entitled to judgment as a matter of law. Therefore, HILCO respectfully requests that this Court enter an Order granting it summary judgment with respect to all of Plaintiff's claims.

Respectfully submitted,

/s/James M. Connolly
James M. Connolly
Kramer & Connolly
500 Redland Court, Suite 211
Tel. (410) 581-0070
Fax. (410) 581-1524
jmc@kramerslaw.com
*Trial Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served

on June 30, 2010, via the Court Clerk's CM/ECF system to the following counsel of record:

Scott C. Borison
Janet Legg
Phillip Robinson
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, MD 21703

Douglas B. Bowman
P.O. Box 503
Middletown, MD 21769

Respectfully submitted,

/s/James M. Connolly
James M. Connolly
Kramer & Connolly
500 Redland Court, Suite 211
Tel. (410) 581-0070
Fax. (410) 581-1524
jmc@kramerslaw.com
*Trial Attorney for Defendant*

18