IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE A. BRADSHAW, | ) | CASE NO.: 1:10-cv-00113 |
| Plaintiff, | ) ) | JUDGE RICHARD D. BENNETT |
| v. | ) ) | |
| HILCO RECEIVABLES, LLC, | ) ) | **MOTION FOR STAY CLASS CERTIFICATION** |
| Defendant. | ) ) ) ) | |

Now comes Defendant Hilco Receivables, LLC, ("HILCO"), by and through counsel, and hereby moves this Court to stay consideration of Plaintiff's Motion for Class Certification until after this Court rules upon the pending motion for summary judgment filed by Plaintiff and HILCO. Additionally, HILCO respectfully requests that this Court extend the time to oppose the Motion for Class Certification until twenty-one (21) days after this Court rules upon the pending dispositive motions. A Memorandum in support is attached hereto.

Respectfully submitted,

/s/James M. Connolly
James M. Connolly
Kramer & Connolly
500 Redland Court, Suite 211
Tel. (410) 581-0070
Fax. (410) 581-1524
jmc@kramerslaw.com
*Trial Attorney for Defendant*

## MEMORANDUM

### I. INTRODUCTION

Plaintiff has filed a class action against Hilco Receivables, LLC ("HILCO") alleging violations of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Ann. Code, Commercial Law Article, § 14-201 *et seq.*, the Maryland Consumer Protection Act ("MCPA"), Commercial Law Code Ann. § 13-301, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* for engaging in collection activities in the State of Maryland without the required collection agency license. On May 26, 2010, Plaintiff filed a Motion for Partial Summary Judgment as to Liability Only Pursuant to Counts II, III & IV of the Complaint. On June 30, 2010, Defendant filed its Cross Motion for Summary Judgment. The Motions have not been fully briefed and are still pending before the Court.

On May 26, 2010, Plaintiff also moved for certification of the following class:

> All persons in the State of Maryland who within three years prior to the filing of the initial complaint, were contacted by the Defendant in connection with any effort to collect a debt.

Since Defendant's dispositive motion, if granted, would dispose of the claims, this Court should stay the proceedings on Plaintiff's Motions for Class Certification until after this Court has ruled upon the parties' dispositive motions.

### II. THIS COURT SHOULD STAY CLASS PROCEEDINGS UNTIL THE DISPOSITIVE MOTIONS HAVE BEEN DECIDED

The Court has broad discretion to stay class certification proceedings. Rule 23(c)(1) of the Federal Rules of Civil Procedure provides that "[a]t an early practicable time after a person sues or is sued by a class representative, the court must determine by order whether to certify the action as a class action." The rule does not mandate that a court consider class certification prior to disposing of appropriate cases on the merits. In fact, there is widespread support for staying

consideration of a motion for class certification until after ruling on dispositive motions. *See Kehoe v. Fidelity Federal Bank & Trust*, 421 F.3d 1209, 1211 n. 1 (11th Cir.,2005) (finding that it is within the court's discretion to consider the merits of the claims before class certification); *Dickard v. Oklahoma Management Services for Physicians, LLC*, 2007 WL 2713220 at * 1 (W.D.Ark.,2007) ("If this Court grants summary judgment, it is apparent that Plaintiff would not have a 'continuing personal stake in the outcome of the lawsuit' and therefore, the issue of class certification would be moot."); *Thomas v. Moore U.S.A., Inc.*, 194 F.R.D. 595, 603 (S.D. Ohio 1999) (A court may defer a class certification question until after deciding dispositive motions, thus "winnow[ing] out substantively deficient class actions, prior to class certification.") *following Thompson v. County of Medina, Ohio*, 29 F.3d 238 (6th Cir.,1994); *Wright v. Schock*, 742 F.2d 541, 544, 40 Fed. R. Serv. 2d 73 (9th Cir.,1984) ("It is reasonable to consider a Rule 56 motion first (before ruling on a motion for class certification) when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation.")

A stay of class certification will promote judicial economy. Time consuming and costly discovery can be delayed until resolution of the pending motions. If HILCO prevails on its Cross Motion for Summary Judgment, class certification will be moot. In addition, as HILCO only requests a stay until the pending motions are resolved, Plaintiff will not be prejudiced by the stay.

## IV.     **CONCLUSION**

As explained above, the parties have pending motions for summary judgment before the Court. Accordingly, HILCO respectfully requests that this Court enter an Order staying class certification until the Court rules on the pending motions. In addition, HILCO requests that the

Court extend the time to oppose the Motion for Class Certification until twenty-one (21) days after this Court rules upon the pending dispositive motions.

Respectfully submitted,

/s/James M. Connolly
James M. Connolly
Kramer & Connolly
500 Redland Court, Suite 211
Tel. (410) 581-0070
Fax. (410) 581-1524
jmc@kramerslaw.com
*Trial Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served on June 30, 2010, via the Court Clerk's CM/ECF system to the following counsel of record:

Scott C. Borison
Janet Legg
Phillip Robinson
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, MD 21703

Douglas B. Bowman
P.O. Box 503
Middletown, MD 21769

/s/James M. Connolly
James M. Connolly
Kramer & Connolly
500 Redland Court, Suite 211
Tel. (410) 581-0070
Fax. (410) 581-1524
jmc@kramerslaw.com
*Trial Attorney for Defendant*