IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE A. BRADSHAW,

    Plaintiff,

      v.

HILCO RECEIVABLES, LLC,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

Civil Action No.: RDB-10-113

## MEMORANDUM OPINION

Plaintiff Wayne A. Bradshaw has filed this action, on behalf of himself and all others similarly situated, against Defendant Hilco Receivables, LLC, for alleged unlawful debt collection practices. Currently pending before this Court is Plaintiff's Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c), or in the Alternative, Motion to Strike Certain Affirmative Defenses of the Defendant Pursuant to Rule 12(f) (Paper No. 11). The parties' submissions have been reviewed and no hearing is necessary to decide this matter. *See* Local Rule 105.6 (D. Md. 2010). For the reasons stated below, Plaintiff's motion is GRANTED to the extent that the affirmative defenses asserted in paragraphs 51, 53, 57, 61, and 62 of Defendant's Answer are hereby stricken. Specifically, this Court holds that the plausibility standard set forth in *Bell Atl. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 566 U.S.\_\_, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) applies to the pleading of affirmative defenses.

## BACKGROUND

On September 17, 2009, Wayne A. Bradshaw ("Plaintiff" or "Bradshaw") filed this purported class action lawsuit in the Circuit Court for Frederick County, Maryland, seeking damages and declaratory and injunctive relief against Defendant Hilco Receivables, LLC ("Defendant" or "Hilco"). Bradshaw alleges that Hilco acted as a debt collector in the State of Maryland without a license and that Hilco unlawfully filed lawsuits against Plaintiff and others as part of its debt collection practices. Bradshaw contends that Hilco, through its actions, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201 *et seq.*, and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-101 *et seq.*

On January 15, 2010, Hilco removed Bradshaw's lawsuit to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Four days later, Hilco filed its Answer, in which it responded to the allegations in Bradshaw's Complaint and asserted thirteen separate affirmative defenses. Answer, at ¶¶ 50-62. On February 9, 2010, Bradshaw filed the pending motion challenging the viability of the following five affirmative defenses contained in Hilco's Answer:

51. Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

53. At all times Defendant acted in good faith.

57. Plaintiff lacks standing.

61. Section 7-301 and Section 14-201 of the Maryland statutes relied upon by Plaintiff are unconstitutional.

62. The State of Maryland has provided implicit consent to Defendant.

Answer, at ¶¶ 51, 53, 57, 61-62. With respect to these affirmative defenses, Bradshaw seeks an entry of judgment on the pleadings under Fed. R. Civ. P. 12(c), or in the alternative, he contends that they should be stricken under Fed. R. Civ. P. 12(f). Bradshaw argues that these affirmative defenses do not satisfy the U.S. Supreme Court's recent plausibility standard for pleadings under Fed. R. Civ. P. 8, as set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## STANDARD OF REVIEW

Although Bradshaw has moved under both Rules 12(c) and 12(f) of the Federal Rules of Civil Procedure, this Court will treat his motion as one to strike Hilco's affirmative defenses under Rule 12(f). A motion for judgment on the pleadings is more appropriately resolved where "all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Wright & Miller, Federal Practice and Procedure § 1367, at 208 (3d ed. 2004). On the other hand, a Rule 12(f) motion to strike is more fitting for situations, such as the one at bar, where a plaintiff challenges only some of the defenses raised in a defendant's pleading. *Id.* at § 1369, at 260 (noting that Rule 12(f) "serves as a pruning device to eliminate objectionable matter from an opponent's pleadings and, unlike the Rule 12(c) procedure, it is not directed at gaining a final judgment on the merits").

Pursuant to Rule 12(f), a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In addition, a court "may strike a defense that is clearly insufficient as a matter of law." *Hanzlik v. Birach*, 2009 U.S. Dist. LEXIS 63091, at *8 (E.D. Va. July 14, 2009) (citing *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 949 (W.D.N.C. 2000)). Thus, a defense may be excised if it does not meet the pleading requirements of Rules 8 and 9.

*See McLemore v. Regions Bank*, 2010 U.S. Dist. LEXIS 25785, at *44 (M.D. Tenn. Mar. 18, 2010). The district court enjoys wide discretion in determining whether to strike an affirmative defense under Rule 12(f) in order "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009).

Nevertheless, the Fourth Circuit Court of Appeals has noted that Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted). Accordingly, "in reviewing motions to strike defenses, federal courts have traditionally 'view[ed] the pleading under attack in a light most favorable to the pleader.'" *Palmer v. Oakland Farms, Inc.*, 2010 U.S. Dist. LEXIS 63265, at *4 (W.D. Va. June 24, 2010) (quoting *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D. W.Va. 1993)). Finally, when affirmative defenses are stricken, the defendant should normally be granted leave to amend. *Banks v. Realty Mgmt. Serv.*, 2010 U.S. Dist. LEXIS 7501, at *3 (E.D. Va. Jan. 29, 2010) (citing 5C Wright & Miller § 1381 (3d ed. 2004)).

## DISCUSSION

### I. Pleading Requirements for Affirmative Defenses

The parties dispute whether affirmative defenses are governed by the same pleading standards that currently govern complaints. Bradshaw contends that the plausibility standard, recently explicated by the U.S. Supreme Court in *Twombly* and *Iqbal*, must be applied in assessing the soundness of Hilco's affirmative defenses. Hilco, on the other hand, maintains that the plausibility standard only applies to complaints, and not to affirmative defenses.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) the Supreme Court held that to withstand a motion to dismiss, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Under the plausibility standard, while a complaint need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. In other words, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.*

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) the Court expanded upon *Twombly* by prescribing the analytical approach to be followed in any Rule 12(b)(6) test to the sufficiency of a complaint. First, reviewing courts are instructed to identify and segregate out the legal conclusions in the complaint, which, unlike the factual allegations, are "not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Second, a court must determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1951. The Court advised that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." It was noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Supreme Court's decisions in *Twombly* and *Iqbal* did not specifically address the pleading requirements of affirmative defenses and the issue has not been resolved by any of the Circuit Courts of Appeals. However, the majority of district courts that have addressed this question have answered it in the affirmative. *See Barnes v. AT&T Pension Benefit Plan*, 2010 U.S. Dist. LEXIS 62515, at *10 (N.D. Cal. June 22, 2010) (noting that "the vast majority of courts presented with the issue have extended *Twombly*'s heightened pleading standard to

affirmative defenses"); *see also Hayne*, 263 F.R.D. at 650 nn.14-15 (citing nine cases that applied *Twombly* and *Iqbal* to affirmative defenses and three cases that reached the opposite conclusion). In addition, another district court from the Fourth Circuit has, after thoroughly analyzing this issue, joined the growing majority of district courts in determining that the plausibility standard applies to the pleading of defenses. *See Palmer v. Oakland Farms, Inc.*, 2010 U.S. Dist. LEXIS 63265 (W.D. Va. June 24, 2010).

This Court agrees with the reasoning employed by the courts that have applied the plausibility standard to affirmative defenses. Similar language is used in Rule 8 to describe the requirements for pleading both claims in a complaint and defenses in an answer. *Compare* Rule 8(a)(2) (requiring a pleader stating a claim for relief to provide "a short and plain statement of the claim showing that the pleader is entitled to relief") *with* Rule 8(b)(1)(A) (requiring a responding party to "state in short and plain terms its defenses to each claim asserted against it"). Futhermore, Rule 8(b)(2) provides that "a denial must fairly respond to the substance of the allegation." Pleading requirements are intended to ensure that an opposing party receives fair notice of the factual basis for an assertion contained a claim or defense. Thus, the interests of consistency and fairness are furthered by holding defendants to the plausibility standard, and plaintiffs are entitled to receive proper notice of defenses in advance of the discovery process and trial. *See Palmer*, 2010 U.S. Dist. LEXIS 63265, at *16. The application of the *Twombly* and *Iqbal* standard to defenses will also promote litigation efficiency and will discourage defendants from asserting boilerplate affirmative defenses that are based upon nothing more than "some conjecture that [they] may somehow apply." *Hayne*, 263 F.R.D. at 650; *see also Safeco Ins. Co. of Am. v. O'Hara Corp.*, 2008 U.S. Dist. LEXIS 48399, *2-3 (E.D. Mich. 2008) (noting that "[b]oilerplate defenses clutter the docket and . . . create unnecessary work," and cause

opposing counsel to conduct unnecessary discovery "in an abundance of caution"). Finally, the extension of these pleading requirements will not unduly hamstring a party's ability to mount a thorough and vigorous defense. Under Rule 15(a), a defendant may seek leave to amend its answers to assert any viable defenses that may become apparent during the discovery process. Trial courts liberally grant such leave in the absence of a showing that an amendment would result in unfair prejudice to the opposing party. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971).

Turning to the present case, this Court finds that the affirmative defenses set forth in paragraphs 53, 57, 61, and 62 of Hilco's Answer must be stricken. These affirmative defenses are stated in a conclusory manner and fail to provide fair notice to Bradshaw of the factual grounds upon which they rest. Paragraphs 53, 57, and 62 merely recite bare legal conclusions and do not contain sufficient factual language needed to impart fair notice to Bradshaw. The language in Paragraph 61, referring to the unconstitutionality of certain parts of some Maryland statutes is also deficient.[1] In order to properly plead this affirmative defense, Defendant must, at the very least, cite the state statutory provisions and constitutional rights to which it is referring, and set forth a factual basis indicating the reason why these provisions are unconstitutional. Hilco is granted leave to file, within thirty days after entry of the accompanying Order, an amended answer correcting the pleading deficiencies for these affirmative defenses.

## II. The Bona Fide Error Defense

In paragraph 51 of its Answer, Hilco cites the "bona fide error" defense, based upon Section 813(c), 15 U.S.C. § 1692k(c), of the Fair Debt Collection Practices Act (FDCPA), which states that a debt collector is shielded from liability under the Act upon a showing, by a

---

[1] In its Opposition brief, Hilco seeks to withdraw the affirmative defense in paragraph 61 "without prejudice." Opp. Mot. at 5.

preponderance of the evidence, that "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

Paragraph 51 of Hilco's Answer must be stricken because it was not plead with sufficient particularity under Fed. R. Civ. P. 9(b). In support of this affirmative defense, Hilco has merely copied the language of § 1692k(c), and has not plead facts that would give Bradshaw sufficient notice of specific mistake that Hilco is referencing. Hilco is granted leave to file, within thirty days after entry of the accompanying Order, an amended answer curing the pleading deficiencies noted herein.

On a related note, this Court observes that the Supreme Court recently held that the "bona fide error" defense does not apply to "a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608, 176 L. Ed. 2d 519 (2010). The bona fide defense may only be used in circumstances where a violation results from other causes, such as a clerical or factual mistake. *Id.* at 1621. As a result, in the event that Hilco seeks to replead this affirmative defense, it is foreclosed from asserting that any violation resulted from a flawed legal interpretation of the FDCPA.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c), or in the Alternative, Motion to Strike Certain Affirmative Defenses of the Defendant Pursuant to Rule 12(f) (Paper No. 11) is GRANTED to the extent that the affirmative defenses set forth in paragraphs 51, 53, 57, 61, and 62 of Hilco's Answer are hereby

stricken. Defendant may file an amended answer within thirty (30) days after entry of the accompanying order. A separate Order follows.

Dated: July 27, 2010         /s/_____
                             Richard D. Bennett
                             United States District Judge