UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| WAYNE A. BRADSHAW, *on his own behalf and on behalf of all others similarly situated* | * * |
| Plaintiffs | * |
| v. | * |
| | * |
| HILCO RECEIVABLES, LLC. | *    CASE NO. 10-00113 RDB |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO PRELIMINARILY APPROVE A CLASS SETTLEMENTAND PROVIDE FOR NOTICE TO THE CLASS AND SET A FINAL FAIRNESS HEARING**

Plaintiff, Wayne Bradshaw, by and through counsel, has moved pursuant to Fed. R. Civ. P. 23 (e) to approve a Settlement reached with the Defendants through mediation conducted before Magistrate Judge Susan K. Gauvey. Plaintiff submits this memorandum in support of the motion.

## I. CASE STATUS

The Court has previously certified a class of individual consumers in this case. (Document No. 45). The proposed settlement does expand the class of individuals by the addition of persons covered by the putative class sought in the class action complaint filed by Kevin Shipman against the Defendant, Equable Ascent Financial, LLC. [1] The only difference in the class certified in this case from the class alleged in Shipman is that Shipman covers the persons who were sued by the Defendants after the filing of the complaint in this case until the Defendants obtained a license to operate as a debt collector in the State of Maryland. Plaintiff

---

[1] *Shipman v. Equable Ascent Financial LLC.*, Case No. 11-920-RDB.

submits that the enlargement of the class to include others is within the court's discretion under Rule 23.

In addition to the court granting Plaintiff's motion to certify a class, the court also granted the Plaintiff and class partial summary judgment as to the Defendant's liability under the Fair Debt Collection Practices Act and related Maryland statutes. (Document No. 46)

## II. SETTLEMENT EFFORTS

The parties participated in face to face mediation before Magistrate Judge Susan K. Gauvey as well a number of phone conferences conducted to reach a settlement in this case. The complete terms of the settlement are set forth in the Settlement Agreement provided to the Court. A summary of the benefits to be awarded to the class members through the settlement is:

1. A common fund of $320,000 to be distributed to class members;
2. A dismissal with prejudice, satisfaction or release of any claims against class members. The fair market value of the claims being dismissed or released is over $400,000.
3. The Defendant's agreement to pay all costs of the administration for the class and to pay an incentive fee of $4,000 to each of the class representatives.
4. The Defendants' agreement to seek removal of any derogatory credit information about class members.
5. The Defendants representation that it will not sell or otherwise transfer any class member account.

## III. COMPLIANCE WITH RULE 23 (e)

Since the court has previously certified a class in this case, the motion to settle the class action is governed by Rule 23 (e). That subsection provides:

>Settlement, Voluntary Dismissal, or Compromise. The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
>(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
>(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
>(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
>(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
>(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

The Plaintiff seeks the court to approve the notice to be sent to class members. A proposed notice is attached as Exhibit 1. The Plaintiff's motion also seeks that the court set a final fairness hearing to decide whether to approve the Settlement.

Plaintiff has complied with (e)(3) by submitting the Settlement Agreement between the parties. Subsection (e)(4) does not apply since there have been no prior notices and Plaintiff is requesting notice now be sent in connection with the proposed settlement.

## IV. THE SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE

After certification, the Court must evaluate whether the proposed class settlement is fair and adequate. The Court in *Mid-Atlantic Toyota Antitrust Litigation*, 564 F. Supp. 1379 (D. Md. 1983) established the standard in determining whether the settlement is fair and adequate.

In *Mid Atlantic*, the court enumerated the following four standards to be evaluated to determine whether the settlement is fair; (1) the presence or absence of collusion among the parties; (2) the posture of the case at the time settlement is proposed; (3) the extent of discovery that has been conducted; and (4) the circumstances surrounding the negotiations and the experience of counsel.  564 F.Supp. at 1383.

There is no collusion between the parties. The settlement was reached through arms length negotiations between experienced counsel. Plaintiff is represented by experienced class action counsel. The Defendant is represented by attorneys with experience in this area of law. Under the *Mid Atlantic* standards, the settlement is fair.

The Settlement is also adequate. The settlement provides relief for hundreds who are facing lawsuits against them. The settlement provides relief to the class members through Defendant's agreement to request removal of derogatory credit histories. Additionally, there is monetary relief that will provide a cash payment that they may be entitled to under the FDCPA. The value of the benefits exceeds the cap that would apply to a class action award under the FDCPA.

For these reasons, the Plaintiff submits that the Court should grant the Plaintiff's motion.  A proposed order is submitted with the motion.

Respectfully Submitted,

*/s/ Scott C. Borison*
Scott C. Borison, Esq. (Bar No. 22576)

*/s/ Phillip R. Robinson*
Phillip R. Robinson, Esq., Of Counsel
(Bar No. 27824)
Legg Law Firm, LLC.
5500 Buckeystown Pike
Frederick, Maryland 21703
(301) 620-1016; Fax: (301) 620-1018

4

/s/ Douglas B. Bowman
Douglas B. Bowman (Bar No. 8693)
PO Box 503
Middletown MD 21769
(240) 566-6050

/s/ Peter A. Holland
Peter A. Holland (Bar No. 10866)

/s/ Michael Gregg Morin
Michael G. Morin, Of Counsel
(Bar No. 15539)
The Holland Law Firm, P.C.
124 South Street, Ste. 3
Annapolis, Maryland 214011
(410) 280-6133

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served on the Defendant's counsel when filed through the ECF system on February 9, 2012.

_____//s//_____
Scott Borison